UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAM WYLY,

                Petitioner,

           -against-

MILBERG WEISS BERSHAD & SCHULMAN, LLP
STULL, STULL & BRODY, and
SCHIFFRIN & BARROWAY, LLP,

                Respondents.
------------------------------------------------------------------x

<u>MEMORANDUM OPINION
AND ORDER</u>

05 Civ. 3832 (GBD)

GEORGE B. DANIELS, District Judge:

      Petitioner, a former member of two class actions in the Eastern District of New York ("EDNY"), commenced this lawsuit in New York State Supreme Court seeking to obtain documents from lead counsel, who had represented that class of plaintiffs. Respondents removed the action to federal court on the grounds that it presented a federal question. Petitioner moves to remand the case back to state court. For the reasons stated below, petitioner's motion is granted.[1]

      The instant action alleges a breach of fiduciary obligation by respondents for refusing to comply with petitioner's request for access to attorney work-product and discovery materials in connection with the previous federal class action lawsuits.[2]

---

[1] Inasmuch as this action will be remanded based on the lack of subject matter jurisdiction, this Court need not address the parties' other arguments regarding transfer of venue.

[2] Three separate cases are currently pending in the EDNY. A 60(b) motion to vacate the class action settlement agreement, to which petitioner is a party, has been filed, alleging that settlement in the class actions was procured by fraud. The 60(b) movants' request for expedited discovery has been referred to the magistrate judge. A second consolidated stockholders derivative action has been referred to the magistrate judge for discovery purposes. In addition, the government has instituted a criminal proceeding against various officers of the class action defendants, charging financial and accounting fraud. The government has asked the 60(b) movants in the civil case to stay discovery until the conclusion of that prosecution.

A defendant may remove a cause of action over which the federal court has original jurisdiction from state to federal court pursuant to 28 U.S.C. § 1441(b) when the civil action is founded on a claim or right that arises "under the Constitution, treaties, or laws of the United States." Absent diversity jurisdiction, a cause of action is not removable if the complaint does not affirmatively allege a federal claim. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003); see also Caterpillar v. Williams, 482 U.S. 386, 391-92 (1987).

Respondents argue that the petition raises numerous federal questions: whether "the claim relates to the rights of a class member in a class action governed by Fed.R.Civ.P. 23(a);" "whether under the PSLRA lead counsel represents the class as a whole or individual class members;" "whether an attorney client relationship exists between lead counsel and each individual class member;" and "whether the district court has authority under Fed.R.Civ.P. 26 to prohibit an absent class member from accessing confidential discovery materials produced in federal litigation." Notice of Removal at 5, 6. None of these reasons are sufficient to find federal jurisdiction based on a federal question. Moreover, merely invoking the Federal Rules of Civil Procedure is not sufficient grounds for federal question jurisdiction. See Fed.R.Civ.P. 82 ("[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . ."); Creswell v. Sullivan & Cromwell, 922 F.2d 60, 70 (2d Cir. 1990) ("[t]he Rules do not provide an independent ground for subject matter jurisdiction over an action for which there is no other basis for jurisdiction"). Petitioner's alleged breach of fiduciary duty for counsel's refusal to turn over materials in the attorneys' possession does not require the application of any federal laws. Respondents have not demonstrated a sufficient basis to remove this case to federal court.[3]

---

[3] If this case arguably involves an application in conflict with a standing order in the EDNY, a motion should be made before the appropriate Eastern District judge.

Petitioner also seeks to recover costs, including reasonable attorneys' fees, incurred as a result of resisting respondents' removal. Under 28 U.S.C. § 1447(c), a district court may award attorneys' fees to the non-moving party when it remands a case to state court. Such an award is meant to deter improper removal. Circle Industries USA, Inc. v. Parke Const. Group, 183 F.3d 105, 109 (2d Cir. 1999). Nonetheless, this provision "leaves the decision to award [fees] to the Court's discretion, and courts frequently decline to do so." United Mutual Houses, L.P. v. Andujar, 230 F.Supp.2d 349, 354 (S D.N.Y. 2002). An award of costs and fees against removing defendants does not require a finding of bad faith or frivolity, but an assessment of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923-4 (2d Cir. 1992). Considering the dubious nature of petitioner's cause of action and the surrounding circumstances, the award of fees in this instance is unwarranted.[4]

Accordingly, petitioner's motion for remand is granted. Petitioner's request for attorneys' fees is denied. Respondents' motion for transfer of venue is denied as moot.

Dated: July 7, 2005
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[4] The granting of this motion to remand in no way indicates an opinion by this Court that this case presents viable claims in state court.

3